### FRED. M. ANDRUS *et al.*

*v.*

### S. W. MANN.

1. PAROL EVIDENCE—*to vary written contract.* There is no rule more familiar or of more uniform application than that parties can not introduce verbal testimony to contradict, change or vary written contracts, at law. This can only be received to show a mistake, on bill in equity to reform the written contract.

2. It is the settled doctrine of this court, where an instrument is partly a receipt and partly a contract, that the part constituting the agreement of the parties can not be contradicted or varied by parol testimony.

3. SAME—*and herein, whether a sale or a lease.* An instrument reading: "Received of A B, in apparent good order, on lease, one organ, No. —, manufactured by, etc., valued at $105, balance, for which I agree to pay rent at the rate of $10 per month for 10½ months, payable monthly in advance, and return said organ on demand in as good order as received, usual wear excepted,— C D," is a contract of leasing, and parol evidence is inadmissible to show the contract to be one of sale.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. B. D. LUCAS, for the appellants.

Messrs. STEVENSON & EWING, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellants commenced an action of replevin against appellee, before a justice of the peace, to recover an organ. It was manufactured by appellants, and they, in the early part of

1872, leased it, as they claim, to a Mrs. Green for $3.50 per month. After holding the organ some time, and paying to appellants a portion of the money due on her contract with them, they took possession of it and entered into this agreement with appellee:

"*Bloomington, Ill., August* 20, 1873.

"Received of Andrus Bros., in apparent good order, on lease, one organ, No. —, manufactured by Andrus Bros., valued at $105, balance, for which I agree to pay rent at the rate of $10 per month for 10½ months, payable monthly in advance, and return said organ on demand in as good order as received, usual wear excepted.

S. W. MANN."

Appellee received and held possession for a time, and paid $50 under the written agreement. In February, 1876, appellants having previously demanded the instrument and payment of what was claimed to be due under the contract, and appellee having refused to pay or surrender it, this suit was brought. The case was appealed to the circuit court, where a trial was had, resulting in a verdict and judgment against plaintiffs, after overruling a motion for a new trial, and they prosecute this appeal.

Appellee claims, and the court below permitted him to introduce evidence to prove, that the agreements with Mrs. Green as well as with himself were contracts of sale and not of lease. Appellants insist that in this action of the court there was manifest error.

There is no rule more familiar or of more uniform application than, parties can not introduce verbal evidence to contradict, change or vary written contracts on a trial at law. It is a maxim that all written contracts must speak for themselves, and their meaning or interpretation can not be changed by verbal testimony. The books abound in decisions announcing the rule, and it is announced and applied in very many cases in this court. The rule is so elementary that we regard it unnecessary to refer to adjudged cases in its support.

But it is said that to the rule there is the exception that a receipt may be thus explained. This is no doubt true of such instruments. Can it, however, be said this is only a receipt? We think it can, by no means, be so held. It is true that the instrument commences by saying that appellee received of appellants, in apparent good order, on lease, one organ. No doubt it is a receipt, to the extent it admits the organ passed into the possession of appellee. But it is manifest that as to the rent, the times when payable and amounts to be paid, and the promise to return the organ in as good order as when received, except usual wear, it is, and can only be, a contract, without any element of a receipt. It expresses the agreement and promise of appellee as fully and distinctly as a promissory note. We apprehend no one would say that because a promissory note should, at its commencement, state that the maker had received value from the payee, instead of at the end of the instrument, it would thereby become a receipt, and might be contradicted or varied from its written terms; and this contract only states, as contracts frequently if not generally state, that articles of property or money have been received by one of the parties; and yet no one has supposed such instruments were receipts and subject to be contradicted or varied. To hold this is a mere receipt and might be contradicted, would be to open the door for the same purpose in perhaps a majority of contracts, and virtually abrogate the rule. It is the settled doctrine of this court, that when an instrument is partly a receipt and partly a contract, the part constituting the agreement of the parties can not be thus contradicted or varied. See *McCloskey* v. *McCormick*, 37 Ill. 66; *Elder* v. *Hood*, 38 id. 533, and *Elston* v. *Kennicott*, 46 id. 187. This rule is of general application and recognized by numerous adjudged cases.

The court below, therefore, erred in admitting this evidence. All previous propositions and conversations are held to enter into or be rejected when the contract is executed; and if mistakes or omissions occur in drafting the agreement, in a proper case a court of equity will reform the contract and afford

relief, but a court of law can only look to the agreement itself to ascertain the intention of the parties. In this case an examination of the instrument repels all claim that it evidenced a sale. On the contrary, it can not be held to be anything but a lease of the organ for the period of 10½ months at $10 per month; and at law it must be enforced as it was written.

Had this been a bill properly framed to reform this contract, then the question would be presented whether the evidence would be admissible; but is not at law.

For the error in admitting this evidence, and instructing the jury contrary to what is here held, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*