676    APPELLATE COURTS OF ILLINOIS.

Zickert v. Times Square Auto. Co., 181 Ill. App. 676.

## C. A. Zickert, Defendant in Error, v. Times Square Automobile Company, Plaintiff in Error.

### Gen. No. 17,176.

1. SALES—*fraud.* In an action brought in municipal court against an automobile company by a purchaser of an automobile to recover back money paid and damages for breach of contract, *held*, that testimony of purchaser tending to establish fraud on part of company in inducing purchaser to sign contract should not be admitted when no reference to such fraud was contained in the statement of claim and that the evidence admitted was insufficient to establish such fraud.

2. SALES—*warranty.* Where there is an express provision in a written contract of sale that no representations, warranties or conditions other than those appearing therein are binding on either party thereto, oral testimony tending to show warranty is inadmissible.

3. EVIDENCE—*parol.* When an instrument is partly a receipt and partly a contract, the part constituting the contract cannot be contradicted or varied by parol evidence.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of facts. Opinion filed June 30, 1913.

E. S. HARTMAN, for plaintiff in error.

BURNS & LONGENECKER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment for $653.70 against plaintiff in error recovered upon the verdict of a jury in the Municipal Court.

The statement of claim is, first, for the recovery of $600 paid plaintiff in error June 15, 1910, for one automobile and certain accessories which plaintiff in error agreed to deliver to defendant in error at Beloit, Wis-

consin, without expense to defendant in error, within one day thereafter, which agreement plaintiff in error neglected and refused to perform and which agreement was one of the considerations for the payment of said $600; second, for breach of warranty in that said automobile was warranted to be in good working order and satisfactory working condition, and plaintiff in error agreed to return the purchase price thereof to defendant in error should said automobile fail in those respects, and that said automobile was not in good working order and was not satisfactory to defendant in error as warranted; third, for certain designated additional accessories purchased of plaintiff in error at its request on June 23, 1910, amounting to $43, which were to be delivered to defendant in error at Beloit, at the time said automobile was to be delivered, and which such accessories were never delivered at Beloit; fourth, for legal interest on said $600 from June 15, 1910, and on said $43 from June 23, 1910, together with damages for loss of time and money expended and laid out while waiting for plaintiff in error to carry out its agreement, and other unliquidated damages sustained by reason of such breach of contract.

On June 15, 1910, defendant in error, accompanied by his son and brother, all residents of Beloit, Wisconsin, went to the establishment of plaintiff in error in Chicago for the purpose of inspecting its stock of second hand automobiles with a view to purchasing a machine. Defendant in error selected a second hand Winton touring car with certain accessories and paid therefor to plaintiff in error the agreed price of $600. At the same time the cashier of plaintiff in error prepared a statement containing the name and address of defendant in error, a description of the articles purchased and the agreed price therefor, which statement was stamped, "Paid." Following such statement and upon the same sheet of paper is printed the following: "This instrument indicates the property pur-

678        APPELLATE COURTS OF ILLINOIS.

Zickert v. Times Square Auto. Co., 181 Ill. App. 676.

chased from the TIMES SQUARE AUTOMOBILE COMPANY, by the undersigned vendee. It is the complete and entire contract between the parties, and no representations, warranties or conditions other than those appearing hereon will be binding upon either party.

"Delivery of the property above described is hereby asknowledged to have been made to the undersigned vendee at the place of business of said TIMES SQUARE AUTOMOBILE COMPANY, Number 1332-34 Michigan Avenue, Chicago."

This printed instrument or contract was then signed by defendant in error and by the cashier of plaintiff in error in duplicate and copies were retained by each of the parties. Defendant in error and his son were unable to operate the automobile and plaintiff in error, at the request of defendant in error, procured one Murphy, who was temporarily unemployed, to drive the automobile to Beloit, and defendant in error agreed to pay Murphy $12 for his services. On June 22nd defendant in error was notified by plaintiff in error that the automobile would be in condition to be removed on the day following, and defendant in error, accompanied by his son, arrived in Chicago in the forenoon of June 23rd for the purpose of taking the automobile to Beloit. Upon his arrival at the establishment of plaintiff in error, defendant in error was informed that all of the equipments had not yet been quite fully installed, but would be very soon. While waiting for the equipments to be installed defendant in error purchased from plaintiff in error certain other accessories, for which he paid $43, and which were then placed in the automobile. Early in the afternoon of the same day defendant in error, accompanied by his son and Murphy, left the establishment of plaintiff in error in the automobile for the purpose of driving to Beloit. The automobile was driven north on Michigan avenue to Jackson boulevard and thence west to a point near Center avenue, where the automobile was

CHICAGO—FIRST DISTRICT—JUNE, 1913.     679

Zickert v. Times Square Auto. Co., 181 Ill. App. 676.

placed in a garage. During the trip the automobile stopped several times, but there is no competent evidence tending to show whether the stops were occasioned by some defect in the mechanism of the automobile or for some other reason. So far as the record discloses the automobile is still in the garage where it was placed by defendant in error. Neither the automobile nor any of the accessories purchased by defendant in error were returned to plaintiff in error and defendant in error disclaims any knowledge of their whereabouts or any interest therein.

Over the repeated objections of plaintiff in error defendant in error was permitted to show certain oral statements made by one of the salesmen employed by plaintiff in error to the effect that the automobile was a first class machine and that plaintiff in error would deliver it to defendant in error in Beloit and would furnish a man to run it there, and such statements are relied upon by defendant in error as establishing a warranty by plaintiff in error that the automobile was in good working order, and that plaintiff in error agreed to deliver the same at Beloit.

It was and is insisted by defendant in error that the instrument which was signed by the parties at the time the automobile was purchased was merely a receipt, and that as a receipt it was open to explanation by oral testimony. A written instrument may constitute both a receipt and a contract and in so far as it constitutes a contract it is governed by the law relating to written contracts. *Andrus v. Mann,* 92 Ill. 40, is direcly in point. It was there said: "It is the settled doctrine of this court, that when an instrument is partly a receipt and partly a contract, the part constituting the agreement of the parties cannot be thus contradicted or varied."

There is no pretense that defendant in error did not in fact receive the identical articles of property purchased by him, as the same are described in the writ-

ten instrument, and apart from the acknowledgment therein by defendant in error that delivery of the property was made to him in Chicago, it is conclusively established by the evidence that it was so made and accepted by defendant in error. True, it was contemplated that the automobile and accessories would be taken to Beloit, but it is uncontroverted that defendant in error came to Chicago to accomplish that purpose and that he agreed to pay a chauffeur, not in the employ of plaintiff in error, to drive the automobile to Beloit.

In the face of the express provision in the written contract of sale and purchase that no representations, warranties or conditions other than those appearing therein were binding on either party thereto, oral testimony tending to show a warranty was improperly admitted.

Notwithstanding the statement of claim contained no suggestion that the signature of defendant in error to the written instrument was procured by fraud, the court permitted defendant in error to introduce evidence, which it was claimed tended to establish such fraud.

Defendant in error testified that when he was asked to sign the instrument, he inquired: "What is this?"; that Fielding, the cashier, replied: "It is nothing only to show what you are getting, your machine and your repairs with it, that is all"; that he did not have his glasses at the time and so took Fielding's word for it and signed it; that he could read and write and could read the written portion of the instrument without his glasses, but could not read the printed portion; that nothing was said about the machine by Fielding or himself when the paper was signed. This evidence comes far short of establishing such fraud in procuring the signature of defendant in error to the instrument, as would invalidate it.

It is uncontroverted that after defendant in error

CHICAGO—FIRST DISTRICT—JUNE, 1913.     681

Zickert v. Times Square Auto. Co., 181 Ill. App. 676.

arrived at Beloit on June 15th, he read the instrument in whole and fully comprehended its provisions, and that when he returned to Chicago on June 23rd he made no suggestion or complaint that it did not express the precise and entire contract with plaintiff in error with reference to the purchase of the automobile. The subsequent conduct of defendant in error is wholly inconsistent with his claim that his signature to the instrument was procured by fraud.

The rule applicable here is stated in *Grymes v. Sanders,* 93 U. S. 55, and approved in *Naugle v. Yerkes,* 187 Ill. 358, as follows: ''Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent and continue to treat the property as his own he will be held to have waived the objection, and will be conclusively bound by the contract as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted.''

The peremptory instruction tendered to the court by plaintiff in error at the close of the evidence should have been given to the jury.

The judgment of the Municipal Court is reversed with a finding of facts to be incorporated in the judgment of this court.

*Judgment reversed with finding of facts.*

Finding of facts: We find as ultimate facts that plaintiff in error did not agree to deliver the property involved to defendant in error at Beloit, Wisconsin; that it was agreed that said property should be delivered to defendant in error in Chicago and the same was so delivered; that plaintiff in error did not warrant the automobile in question to be in good working order and did not agree to return the purchase

price therefor to defendant in error if the same was not in good working order or was not satisfactory to defendant in error after trial; that the signature of defendant in error to the contract in evidence was not procured by fraud.